# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY

**ALEXANDER DIAZ,**

      **Petitioner,**

v.                                                                Case No. 5:18-cv-00248

**WARDEN, FCI Beckley,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction and direct appeal.

On October 9, 2001, Petitioner pled guilty in the United States District Court for the Middle District of Florida to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 (Count 1s); one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3s); and one count of being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5s), as contained in a superseding indictment. (*United States v. Diaz*, No. 2:01-cr-00049-JES-2, ECF No. 62, 68).

On January 22, 2002, Petitioner was sentenced to 210 months in prison on Counts 1s and 5s, and a mandatory consecutive 60 months in prison on Count 3s, for a total of 270 months of imprisonment, followed by a five-year term of supervised release. (*Id.*, ECF No. 88). Petitioner's sentence included an enhancement under the career offender guideline, USSG § 4B1.1, of the United States Sentencing Guidelines, which were then mandatory. Petitioner did not file a direct appeal.

### B. Petitioner's prior post-conviction filings.

Petitioner has unsuccessfully filed three prior Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in his sentencing court. On September 29, 2003, Petitioner filed his first section 2255 motion, in which he asserted various claims of ineffective assistance of counsel, including the failure to object to the career offender enhancement. The first section 2255 motion was dismissed as untimely on November 18, 2004. (*Id.*, ECF Nos. 123, 124). Petitioner's appeal of that dismissal was dismissed by the United States Court of Appeals for the Eleventh Circuit for failure to prosecute on March 8, 2005.

On April 20, 2009, Petitioner filed his second section 2255 motion asserting that, in light of *Begay v. United States,* 128 S. Ct. 1581 (2008), he did not have two qualifying predicate offenses and, thus, he should be resentenced without the career offender enhancement. The second section 2255 motion was dismissed by the sentencing court on July 29, 2009 for lack of jurisdiction as an unauthorized second or successive motion. (*Id.,* ECF Nos. 153, 154).

On June 24, 2016, Petitioner filed his third section 2255 motion challenging his career offender enhancement under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The third section 2255 motion was dismissed on August 3, 2016 for lack of jurisdiction as an unauthorized second or successive motion. (*Id.*, ECF Nos. 171, 175).

### C.   Petitioner's section 2241 petition.

The instant section 2241 petition challenges Petitioner's sentences based upon the Supreme Court's decisions in *Descamps v. United States,* 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Dean v. United States*, 137 S. Ct. 1170 (2017), as well as the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and the Seventh Circuit's decision in *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016). Specifically, the issues raised in his petition and memorandum in support are: (1) Whether, in light of *Mathis, Hinkle,* and *Holt*, his prior convictions do not qualify him as a career offender requiring resentencing without the career offender enhancement; and (2) Whether, in light of *Dean*, he should be resentenced without the 60-month consecutive sentence on his 924(c) conviction?  (ECF No. 1 at 6; ECF No. 2 at 2).

## ANALYSIS

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Middle District of Florida.  Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332. Thus, the fact that the petitioner's prior section 2255 motions were denied will not permit this court to review his claim under section 2241.

Accordingly, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

Here, Petitioner contends that the decisions in *Descamps* and *Mathis*[1] are new interpretations of statutory law, issued after his opportunity to file a direct appeal and a timely section 2255 motion and, thus, section 2255 is inadequate or ineffective to test the legality of his detention. In his Memorandum in Support, Petitioner also relies upon *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), in which the Sixth Circuit held that a petitioner could use the savings clause to challenge the misapplication of a mandatory guideline provision that resulted in a miscarriage of justice. Petitioner notes that, in *Hill*, for the purposes of the petition therein, the government conceded that *Descamps* was retroactive for application in initial section 2255 motions.

In *Holt*, the Seventh Circuit clarified that *Mathis* is not a new rule of constitutional law and, thus, did not permit the movant to proceed on a second or successive 2255 motion challenging a sentence enhanced under the ACCA. However, the Court specifically withheld a finding concerning whether Holt would be entitled to any relief under section 2241. Additionally, in *Hinkle*, which was a direct appeal, the Fifth Circuit,

---

1 In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law. Here, Petitioner asserts that his prior convictions cannot serve as predicate convictions for the career offender enhancement under the principles set forth in *Descamps* and *Mathis*.

5

relying on *Mathis*, concluded that a prior Texas controlled substance offense was broader than the definition of a controlled substance offense contained in the career offender guideline, and vacated a sentence for resentencing without the career offender enhancement.

However, courts within both the Fourth Circuit, where Petitioner is presently incarcerated, and the Eleventh Circuit, where he was convicted and sentenced, have found that *Descamps* and *Mathis* do not represent a substantive change in the law. *See, e.g., Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D. W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of section 2241 petition because *Mathis* does not apply retroactively); *Farley v. United States*, No. 17-13250-F, 2018 WL 7050478, * 2 (11th Cir. Nov. 1, 2018) (acknowledging that *Mathis* does not apply retroactively on collateral review). Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review." *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding section 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps, Mathis*, and *Dean* are not substantive decisions that are retroactive on collateral review). Thus, these cases do not represent a change in substantive law that would apply retroactively on collateral review.

Furthermore, in *Dean*, the Supreme Court addressed the district court's discretion to consider the imposition of a mandatory minimum sentence for a 924(c) offense when imposing sentences for other crimes of conviction. It does not call into question the validity of the 924(c) sentence itself. Moreover, as noted by Judge Keeley in *Adams,*

*supra*, "courts that have reached the issue have consistently held that *Dean* does not represent a substantive change in the law that applies retroactively on collateral review." 2019 WL 3428549 at *3 (collecting cases supporting proposition). The undersigned agrees.

Consequently, Petitioner cannot meet the second prong of the *Wheeler* test because none of the cases upon which he relies represents a change in substantive law that has been deemed by the Supreme Court or the Eleventh Circuit to apply retroactively on collateral review.[2] Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria for review of his claims under the savings clause.

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition. Additionally, in light of the

---

2   It is the substantive law of the Supreme Court and Petitioner's circuit of conviction, the Eleventh Circuit, that control his claims. *See, e.g., Van Hoorelbeke v. United States*, No. CA-0-08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan, 8, 2010) (citing *Chaney v. O'Brien*, No. 07-0012, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that, in applying the second prong of the *Jones* test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted); *see also Eames v. Jones*, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011) (finding the law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit); *Gordon v. Conley*, No. 5:99-cv-00204, 2000 WL 34240482 (S.D. W. Va., June 30, 2000) ("'[C]hange in law' is not to be equated with a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated . . . ."). As noted by the *Chaney* court, and affirmed by the Fourth Circuit, "applying the substantive law of the place of confinement . . . would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." 2007 WL 1189641 at *3 [other citations omitted]. Thus, the cases cited by Petitioner from the Fifth, Sixth, and Seventh Circuits are inconsequential here.

fact that the petitioner has already unsuccessfully filed three prior 2255 motions, the undersigned proposes that the presiding District Judge **FIND** that transfer of this action to Petitioner's court of conviction for consideration under section 2255 would be futile because such a motion would be an unauthorized second or successive motion.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

<u>September 6, 2019</u>

Dwane L. Tinsley
United States Magistrate Judge