# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

ALEXANDER DIAZ,

    Petitioner,

v.                                                  CIVIL ACTION NO. 5:18-cv-00248

WARDEN, FCI BECKLEY,

    Respondent.

## **MEMORANDUM OPINION AND ORDER**

Pending is the Petition for a Writ of Habeas Corpus under 28 U.S.C. 2241 [Doc. 1], filed February 2, 2018. This action was previously referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on September 6, 2019, recommending that the Court dismiss the petition and the civil action [Doc. 7]. Petitioner timely objected to the PF&R on October 21, 2019 [Doc. 11].

The Court is required to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Petitioner's sole objection relates to how the case law he cited was treated by the Magistrate Judge. The Magistrate Judge concluded those cited authorities did not constitute changes in substantive law that would redound to Petitioner's benefit retroactively on collateral review [Doc. 11 at 3]. Specifically, Petitioner contends that the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254, 133 S. Ct 2276 (2013), *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), and *Dean v. United States*, __ U.S. __, 137 S. Ct. 1170 (2017) constitute

changes in settled substantive law and "presumptively apply retroactively on collateral review" [*Id.*].

However, courts within both the Fourth Circuit, where Petitioner is presently incarcerated, and the Eleventh Circuit, where he was convicted and sentenced, hold otherwise. District courts within the Fourth Circuit have determined that *Descamps* "merely crystalized its previous rulings" and has not been applied retroactively on collateral review. *Lee v. United States*, No. 8:09-cr-788, 2015 WL 13611982, at *3 (D.S.C. Jan. 26, 2015) (collecting cases) (citing *Wilson v. Warden, FCC Coleman*, 581 Fed.Appx. 750, 753 (11th Cir. 2014)). The Eleventh Circuit observed that *Descamps* has not been deemed retroactively applicable by the Supreme Court. *Wilson v. Warden, FCC Coleman*, 581 Fed.Appx. 750, 753 (11th Cir. 2014). Similarly, the Supreme Court's decision in *Mathis* "sets forth a procedural rule that has not been made retroactive on collateral review." *Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *3 (N.D.W. Va. July 30, 2019) (internal citation and quotation marks omitted) (collecting cases); *Farley v. United States*, No. 17-13250-F, 2018 WL 7050478, *2 (11th Cir. Nov. 1, 2018) (acknowledging that *Mathis* does not apply retroactively on collateral review). Likewise, courts have consistently held that *Dean* "does not represent a substantive change in the law that applies retroactively on collateral review." *Adams*, 2019 WL 3428549, at *3 (collecting cases); *Alexander v. United States*, No. 6:18-cv-339-Orl-28GJK, 2019 WL 404016, at *4 (M.D. Fl. Aug. 27, 2019) (collecting cases).

For these reasons, the Court **OVERRULES** Petitioner's objections [Doc. 11], **ADOPTS** the PF&R [Doc. 7], **DISMISSES** the Petition for a Writ of Habeas Corpus [Doc. 1], **DISMISSES** this civil action, and **DIRECTS** the Clerk to remove this matter from the Court's docket.

ENTERED: December 10, 2019



Frank W. Volk
United States District Judge